Shauck, J.
It is not believed to be necessary to repeat here the familiar rules of-law concerning liability for neglig’ence. The case is susceptible of clear solution by the application of one of those rules to the evidence in the record. To reach at once the point on which our decision is to be based, it is assumed that the company was negligent in maintaining the bridge with the casing so near the train, and that the deceased did not, with knowledge, acquiesce in such negligence so as to defeat the action. The theory presented in the original petition, and in the argument of counsel, is, that Barton was in the discharge of his duty to watch the rear end of the train to see if it had parted while descending the grade, and while so engaged *429 was leaning from the side of the tender, looking for the light on the side of the caboose, in the rear of the wider coaches, and while so engaged he was killed. The theory is not supported by any evidence whatever. Barton was last seen alive shortly before the locomotive reached the bridge when he was standing on the gangway, or platform, between the engine and tender, with his lantern on the floor by his side. After the train had passed the bridge it was noticed that while his lantern was still there he had disappeared. No one saw him leaning over the engine or make any effort to see the rear of the train. No other evidence in the case suggests the manner of his death except the marks on the casing. Certainly an allegation of fact may be established by circumstantial evidence, but the circumstances to have that effect must be such as to make the fact alleged appear more probable than any other. The fact in issue must be the most natural inference from the facts proved. Not only did the circumstances here disclosed fail to make it appear that Barton’s death occurred in the manner alleged, but since the point at which his head struck .the casing was certainly not more---it seems to have been less— than two feet above the level of the platform upon which he was standing when last seen, the natural inference is that he fell from the train. The circumstances fail to showthat the death of Barton was due to the negligence alleged against the company. A recovery upon such evidence cannot be sustained, while it is held that the employer is not the insurer of the safety of the employee. A verdict for the defendant should have been directed as requested.

Judgments of the circuit court and court of common pleas reversed.